**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

LISA JOHNSON COLES et. al          :

                                   :

v.                                 :     Civil Action WMN-06-2563

                                   :

SGT DAVID CHEUVRONT et. al         :

**MEMORANDUM**

    This action arises out the execution of a search warrant on Plaintiffs' residence on or about March 19, 2002.  Plaintiffs originally filed suit in the Circuit Court for Baltimore City against Troy Wilson and David Cheuvront, the two law enforcement officers alleged to have executed the warrant.  Troy Wilson is an agent of the Department of Justice, Drug Enforcement Administration (DEA) and, while David Cheuvront is an employee of the Baltimore City Police Department, at the time of the events in question, he had been deputized by the DEA.  Because this was a suit for a money judgment based on the alleged tortious conduct of agents of the United States, Defendants were able to remove the action to this Court and did so on September 28, 2006.

    The United States has now filed a motion pursuant to 28 U.S.C. § 2679 to be substituted for the individual defendants.  Paper No. 8.  With the motion, the government filed the requisite certification by United States Attorney for the District of Maryland that Wilson and Cheuvront were acting within the scope of their duties as agents of the United States at the time of the allegations contained in the Complaint.  The government also

requests that the Complaint be dismissed on the ground that Plaintiffs have failed to exhaust their administrative remedies as required under the Federal Tort Claim Act.  See 28 U.S.C. § 2675.  Plaintiffs sought and were granted an extension of time until December 4, 2006, to respond to the government's motion but that deadline has now long expired and Plaintiffs have yet to file any response.

    For the reasons stated in the government's motion, the United States will be substituted for Defendants Wilson and Cheuvront.  The Court will also dismiss the action on the ground that Plaintiffs have not met the burden of establishing the exhaustion of their administrative remedies.  A separate order will issue.

/s/
_____
William M. Nickerson
Senior United States District Judge

DATED: December 29, 2007